# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

BARBARA JEAN HUNT,

      Debtor.
_____/

BARBARA JEAN HUNT,

      Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION, and
EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

      Defendants.
_____/

Case No. 19-53552
Chapter 7
Hon. Phillip J. Shefferly

Adversary Proceeding
Case No. 20-04097

## DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

PLEASE TAKE NOTE that pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, and Bankruptcy Rules 7026 and 7033, the U.S. Department of Education submits the following interrogatories to plaintiff, Barbara Jean Hunt, to be answered in writing and under oath within thirty (30) days of service.

# I.  INSTRUCTIONS AND DEFINITIONS

A. "Plaintiff," "debtor," "Hunt," and/or "you" means Barbara Jean Hunt, the plaintiff in this matter, whether known by that name or any other.

B. Plaintiff's responses to these interrogatories must include all information known to Plaintiff, investigators, experts, and agents, and all information otherwise reasonably available to Plaintiff whether or not Plaintiff believes the information may be relevant.

C. For any question answered in whole or in part by answering under oath that you are "not sure," your "investigation is continuing," or any substantially similar indication of a lack of finality in the response or absence of response, Plaintiff shall state what inquiry has been done so far, what documents or other records were reviewed, the nature of such continuing investigation, the name, most recent available address and telephone number of each person and/or entity conducting each such investigation or inquiry, and the projected completion date of each such investigation or inquiry.

D. If you gathered, sent, received, or used any records or documents to formulate the responses, or if any of the answers to these interrogatories are or may be derived from such records or documents in Plaintiff's possession or under Plaintiff's control, please identify each of the documents with specificity (as "identify" is defined below), and state when and where they will be available to

counsel for the United States for inspection and copying in accordance with Fed. R. Civ. P. 33(c).

E. As used herein, the following terms shall have the meanings indicated below:

i. "Person" or "individual" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

ii. "Records" or "documents" are interchangeable terms and each is defined as including, but not limited to, the original and any non-identical copy (which is different from the original because of notations upon the copy or otherwise) of all correspondence, emails, social media or other online media-sharing posts, notes, contracts, agreements, memoranda, calendars, task lists, letters, photos or drawings, sound recordings, transcripts, text and instant messages, computer generated files or printouts, receipts, statements (whatever the statement period), withdrawal and deposit slips, checks (including both sides) and bank records, and any other similar recorded evidence of fact, knowledge, intent, or motive, whether in print or any electronic form. If Plaintiff does not have custody or control of the original, Plaintiff shall include any copies of such materials.

iii. When used with respect to a person or an entity, "identify" or "describe" shall mean to state the person or entity's full legal name, any known

3

aliases, social security or tax identification number, present or last known contact information (including home and/or business address, telephone numbers, and email addresses) and relationship with Plaintiff.

   iv.  When used with respect to one or more "records" or "documents," "identify" or "describe" means to state the document's title and subject matter, its date, its author(s) and person(s) signing or executing the document, its senders(s), its recipient(s), location, length, format, and present custodian.

   v.  When used with respect to an event, occurrence, or efforts taken, "identify" means to state what happened, why, where, when, and who was present, including their present or last known contact information (including home and/or business address, telephone numbers, and email addresses) and in what capacity they were present.

  F. If any document or record once existed but was deleted, whether intentionally or unintentionally, or otherwise is no longer in the control of the person specified, separately identify the document or record, and its content, the date it was given or received, the creator, the giver, the recipient, and state when, why and how it was deleted or otherwise removed from the control of the person listed, and by

whom, and where the record was last possessed, stored and/or viewed.

G.      These requests are deemed to be continuing in nature so that any new information, records or documents received, discovered, remembered or otherwise arising subsequent to the filing and serving of the initial production which could result in any deletion from, clarification of, addition to, or modification of the initial responses, are to be immediately communicated to the United States and supplemental responses are to be consummated.

H.      "Debt Origination Date" is the date you first incurred any debts you are seeking to discharge in this action whether such debt was later consolidated, refinanced, rejected, reaffirmed, or otherwise restructured in any way.

## II.   INTERROGATORIES

1.      Identify all debts you are seeking to discharge in this action. Please list the date first incurred, whether such debt was later consolidated, refinanced, reaffirmed, rejected, or otherwise restructured in any way, the amount originally owed, any amounts refinanced, the current amount now owed, the originator and present loan holder, the loan repayment period, and the present status of each loan, include whether any loan is in forbearance, a payment plan, default or other status.

2.      State all information on which you base your contention that repaying your student loans will impose an undue hardship upon you and your dependents.

Identify all documents you rely upon in answering this interrogatory. This includes but is not limited to medical or mental health records, employment records, school records, financial records, and records related to the claimed financial hardship of you, your dependents, or any member of your household.

     3.     If your contention that repaying your student loans will impose a burden is based in any part on a physical, mental, emotional, or other health condition, please identify the condition(s); date(s) of onset and duration; expected prognosis; tests or treatments being pursued to alleviate the condition(s); name(s) and address(es) of the diagnostic and treatment provider(s) (whether a licensed physician or otherwise); dates of any hospitalizations as well as any outpatient, diagnostic, surgical, or other treatment procedures; the cost(s) of each test, treatment, stay, procedure, medication; and any other expense related to your condition(s); and the amount paid for each of these by you and the amount abated or paid by any other source (insurance, hospital, charity, crowd-sourcing).

     4.     Identify all addresses where you have lived for more than 30 days (cumulative), starting with the Debt Origination Date and continuing to the present, and identify each individual who has lived in your household during this period or which you have otherwise claimed as a dependent. If any individuals identified are or were your dependents, please indicate that relationship in identifying such individual and the support you provided.

6

20-04097-pjs    Doc 17    Filed 06/08/20    Entered 06/08/20 10:12:19    Page 6 of 13

5. Identify your complete educational background, beginning with high school and continuing to present, including names and addresses of all schools and training attended; dates of attendance; college/university grades and information otherwise set forth on transcripts; dates of graduation, and type(s) of diplomas, degrees, certificates or licenses attempted or received; any special training or experience for work in your business or any profession; and the reason(s) for leaving each school.

6. List all email, social media accounts, or other online services used to share information (include the platform and username, screenname or other identifier) that you or any member of your household have used, created, opened or closed (or which was used to share information for you or one of your family members) at any time since the Debt Origination Date.

7. Identify all sources of all funds (or items of real or personal property worth over $500) received by you or anyone who has lived in your household, starting with the Debt Origination Date and continuing to the present, including but not limited to sources such as wages, gifts, bequests, benefits, gambling winnings, judgments, settlements, monies in trust, interest income, inheritances, proceeds from the sale of any items (whether online or not), loans or lines of credit, including for each source the name, address, and telephone number of the person or entity from

which the funds were received, the date(s) and amount(s) of funds received, and the reason such funds were provided by each individual or entity.

8. Identify the dates, starting with the Debt Origination Date and continuing to the present, for which you, or any member of your household, applied for any unemployment, disability, public assistance, charity, or other benefits, the agencies or organizations to which you or any member of your household applied, and the outcome of each application, including the amounts and dates of any awards, denials, compensation, or payments, and the duration of the same.

9. Identify, in detail, all items that you or other member of your household or dependent owns or had an interest in, whether or not the asset was ever in your possession or control, starting with the Debt Origination Date and continuing to the present. For each item, identify the seller and/or purchaser and state where the item is now located, the date and circumstances of acquisition, the acquisition price, the exact source of the funds used to acquire the item, and the date and circumstances of sale or disposition of the item. For purposes of this specific interrogatory only, "item" refers to real, personal, or intellectual property in any form, which has a fair market value, at any point in time, greater than $500, not taking into account any amount owed on such item.

10. To the extent not listed anywhere else here, identify all items of value given, donated, titled, or otherwise transferred from or to (a) you, (b) any member

of your household, (c) other member of your family, starting with the Debt Origination Date and continuing to the present. In addition, identify the person(s) and/or organization(s) giving or receiving such items of value and the estimated value of the item at the time. For purposes of this specific interrogatory only, include (a) any item which had a fair market value greater than $500 at any point in time and (b) any items given to (or received from or through) a single person, organization, etc., which, when considered cumulatively over the course of one calendar year, had a total value of $500 or more.

11. Identify all employment held and employment sought, and the employment of any members of your household that have lived with you, for all dates starting with the Debt Origination Date and continuing to the present. For each employment or employment sought, identify the employer or intended employer, the nature of the business, the position sought or held, name of your immediate supervisor(s), the amount of salary or earnings, the dates of employment, the hours worked, the type of work performed, and the reason you left the employment or were denied employment. If you were ever self-employed, also give name, address, and telephone number of each business or person for which you or your household member worked.

12. Identify all financial accounts (including name and account number) in which you or any member of your household have had any interest (whether sole or

joint accounts, and any accounts with access or signatory authority), starting with Debt Origination Date and continuing to the present. For purposes of this request, financial accounts include, but are not limited to: savings accounts; checking accounts; money market accounts; pension, Roth, IRA 401(k) or 403(b) accounts; any account holding stocks, bonds, commodities, trading options or Treasury bills; any account holding funds in trust; any account documenting loans or mortgages; accounts held by third of parties, in which you have an interest; and any accounts or method of holding any item of value whether it is related to financial investments, indebtedness, virtual currency, or assets/liabilities of any type.

13. Identify all credit cards or other charge accounts you, or any member of your household, have or had, starting with the Debt Origination Date and continuing to the present, identify the financial institution that issued or serviced the card or account, and identify the account number and expiration date of each card, the dates you opened and closed each card, and all past and current credit limits for account.

14. If you rent your current residence, identify the amount of rent you pay and when it is payable, the nature and amount of any security deposit, the terms of the security deposit, the starting and ending dates of your lease or other agreement, and identify your landlord.

15. Summarize and itemize the amounts you paid (annually for any dates two years prior to the Debt Origination Date and monthly thereafter), starting with the Debt Origination Date for the following: groceries, dining out, clothing, shelter, utilities, insurance, medical and dental services not covered by insurance, alimony and/or child support, loans (specify type of loan), and discretionary expenses. Discretionary expenses include, but are not limited to, entertainment (including gambling), tobacco and/or alcohol, memberships or subscriptions dues (including gym, shopping clubs, video rentals), jewelry, vacations, travel, gifts, charitable donations, and improvements to, or fixtures for, any real or personal property owned by you or any member of your household. If any expense is not otherwise covered, please identify the expense, and the amount as described above.

16. Identify all efforts taken since the Debt Origination Date and continuing to the present, to (a) maximize your income and (b) reduce each of the your household's fixed and discretionary expenses, and identify any anticipated increases in income or decrease in the expenses over the repayment period of your student loan debt (when considered as non-dischargeable).

17. Identify, including by date and the means, all requests for deferment and/or forbearance, and/or other administrative relief (including temporary and permanent disability discharge, any modification or consolidation of loans, and any income based repayment arrangement) that you have made with respect to your

student loans now at issue, the person/entity that you contacted, and the outcome of each attempt.

18. Identify every effort you have made to pay off your student loans, including the date of such efforts, identity of persons with whom you had contact in connection with each effort, efforts taken, and the results of each effort.

19. Identify every other fact or theory, not otherwise responsive to any other question in this or any supplemental interrogatories, that you believe or have reason to believe may bear in any way upon the dischargeability of your student loans at issue.

20. Identify each person who assisted, and each document consulted or reviewed, in preparing your bankruptcy filings and responses to these interrogatories. For each person identified, summarize their assistance.

21. Identify each person who advised or assisted you in filing the action to discharge your student loan debts. For each person identified, summarize their assistance.

22. Identify each person whom you may call as a witness to testify at trial or whom you anticipate may be called as a witness to testify at trial and summarize

what you expect their testimony to be.

                                       MATTHEW SCHNEIDER

Dated: June 8, 2020                   United States Attorney

                                       /s/John Postulka
                                       JOHN POSTULKA (P71881)
                                       Assistant U.S. Attorney
                                       211 W. Fort Street, Suite 2001
                                       Detroit, Michigan 48226
                                       Phone: (313) 226-9118
                                       E-mail: John.Postulka2@usdoj.gov